**CITY OF CONCORD et al., Plaintiffs,**

v.

**Commissioner Myles J. AMBROSE, Defendant.**

**No. C-71 1796.**

United States District Court, N. D. California.

Nov. 11, 1971.

Crosby, Heafey, Roach & May, Oakland, Cal., for plaintiffs.

James L. Browning, Jr., U. S. Atty., San Francisco, Cal., with Brian Denton, Asst. U. S. Atty., appearing, for defendant.

## OPINION AND ORDER DENYING INJUNCTION

WOLLENBERG, District Judge.

This action seeks to compel the defendant in his official capacity as Commissioner of Customs to disclose certain texts used by the Bureau of Customs to train law enforcement agents in the art and science of conducting effective surveillance of suspected and known violators of the customs laws. The complaint for injunctive relief is brought pursuant to 5 U.S.C. § 552(a) (3), the codification of what was enacted as the Freedom of Information Act, 80 Stat. 250 (1966), [hereinafter "the Act"]. A resolution of the issues presented requires a construction of various portions of the Act to determine whether the Court's equitable powers should be employed to compel disclosure of the information sought. The Court has concluded that the Act cannot be construed to require disclosure of the documents sought and accordingly denies the relief requested.

There can be no doubt but that the purpose of Congress in enacting the Freedom of Information Act was to greatly broaden the free access of citizens to information held by their government. That general purpose is evident from the very language of the statute as well as the reports of both houses

of Congress.[1] The presumption created was in favor of free disclosure, and the burden was placed upon the government to overcome that presumption. 5 U.S.C. § 552(a) (3). The statute is so drafted that no "need to know" test is imposed upon the party seeking information. Instead, information is to be made available to "the public" or to "any person" requesting it. Plaintiffs in this action have urged that disclosure of the requested information to them would have no adverse consequences because their interests lie as a general matter, with the interests of the agency.[2] But such an argument must be considered irrelevant in this context, unlike that of a discovery motion, because if plaintiffs are entitled to the documents in question, then so too is every member of the public. There is similarly nothing in the statute or in the legislative history which would justify placing any restriction whatever upon the use to which the information could be put once obtained, or limiting dissemination of the material in any manner.

While Congress established a general policy of disclosure by passing the Act, it nevertheless recognized a need on the part of government to keep some matters, for a variety of reasons, confidential. One of the areas in which confidentiality was recognized as legitimate was law enforcement. When disclosure would harm the government's "case in court", it was to be avoided.[3]

The defendant here argues persuasively that the documents sought are such that disclosure would tend to make the task of his bureau, and law enforcement generally, more difficult. The documents are described as the "text", the "instructor's guide", and the "instructor's manual" relating to a course given at the Law Enforcement School of the Treasury Department in surveillance, or portions of such documents relating to the general organization, planning and conduct of a "stakeout". It takes no peculiar ability in crime detection nor any imagination to conclude that the nature of the instruction that the government gives to its law enforcement agents could be of interest to those against whom such techniques are used, and that disclosure of that information would tend to materially lessen the effectiveness of the techniques described and taught. In that general context, the Court must determine whether plaintiffs' claim for the documents is nonetheless good under the Act.

Under § 552(a) (2) (C) an agency is required to make available "for public inspection and copying * * * administrative staff manuals and instructions to staff that affect a member of the public". The Senate Report reveals that the word "administrative" was inserted by way of committee amendment, and its purpose was to limit the provision to those materials "which pertain to administrative matters rather than to law enforcement matters" to protect "the traditional confidential nature of instructions to Government personnel prosecuting violations of law in court, while permitting a public examination of the basis for administrative action."[4] The House Report states the concept similarly: "Furthermore, an agency may not be required to make available those portions of its staff manuals and instructions which set forth criteria or

1. S.Rep.No.813, 89th Cong., 1st Sess. (1965), reprinted in part in 111 Cong. Rec. 26821. H.R.Rep.No.1497, 89th Cong., 2nd Sess. (1966), reprinted in U.S.Code Cong. & Admin.News, 89th Cong., 2nd Sess. at 2418–2429. [All citations to H.R.Rep.No.1497 will be to the reprint.]

2. Plaintiffs are a police officer and his employer, the City of Concord. They are defendants in a personal injury action brought by three agents of the Bureau of Customs injured in the course of a "stakeout," which action is presently pending in state court. The materials sought are said to be relevant to the defense of that action.

3. See, S.Rep. at 2, amend. 1; at 3; at 9, exemption 7; H.R.Rep. at 2424–25; at 2428, exemption 7.

4. S.Rep. at 2.

guidelines in auditing or inspection procedures, or \* \* \* operational tactics \* \* \* ".[5] Under either report, the documents sought here would clearly fall within the excluded class.

Were it not for the curious language employed in § 552(a) (3), the above discussion would dispose of this case. Sub. (a) (3) requires each agency on request of identifiable records to make the records available, and permits a fee to be charged for the service and other conditions to be imposed by regulation. Sub. (a) (2), however, seems to require availability of the materials there listed without the necessity of a request and without any of the other conditions. Other provisions are made in sub. (a) (2), however, which are not found in sub. (a) (3), including provisions for deleting "identifying details" before making the material available. In general sub. (a) (2) deals with what might be loosely described as "agency law" : orders, opinions, statements of policy, interpretations, and the like that can be used as precedents in litigating matters before the agency. Sub. (a) (3) deals with records of an unspecified type. Given the varying provisions and conditions of the two sub-sections, it would appear that there was an intention to establish mutually exclusive categories, with the result that a "staff manual or instruction" which was not available under the terms of sub. (a) (2) would not be available under sub. (a) (3) either. For unless such a rule were followed, the various limitations contained in one sub-section but not in the other would be easily circumvented. The difficulty with that reasoning is that the language used does not clearly express such an intent. Under the terms of sub. (a) (3), the only "records" expressly excepted from coverage are those "records made available" under the preceding sub-sec-

tions. Plaintiff argues that that language compels a conclusion that documents which are not made available by sub. (a) (2) (C) (such as staff manuals dealing with "operational tactics") are within the scope of sub. (a) (3). There is nothing in the legislative history, so far as the Court has been able to find, which clearly resolves the question.

The Court concludes, however, that sub. (a) (3) must be construed so as to exclude from its coverage the class of materials dealt with by sub. (a) (1) and (a) (2), in order to preserve the detailed scheme of classification. That conclusion must lead to a denial of the injunctive relief which plaintiff seeks.

Alternatively, it would appear that one or more of the several specific exemptions contained in sub. (b) could be applicable, although the Court does not need to reach that issue. Under the interpretation placed on it by the House Report,[6] the exemption of matters "related solely to the internal personnel rules and practices",[7] would exclude the material sought here, but under the Senate Report,[8] that exemption would be inapplicable. It was the Senate bill which was enacted without change by the House, and at least one decision has followed the Senate interpretation. Consumers Union of United States v. Veterans Admin., 301 F.Supp. 796, 800 (S.D. N.Y.1969). Nevertheless, "personnel rules" can be so construed to cover instructions to law enforcement personnel on the tactics by which they should effect arrests.

So also, the exemption of "inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency,"[9] could be held to cover the documents here sought. It could be argued that these documents

---

5. H.R.Rep. at 2424–25.

6. H.R.Rep. at 2427.

7. 5 U.S.C. § 552(b) (2).

8. S.Rep. at 8.

9. 5 U.S.C. § 552(b) (5).

are not "memorandums", within the meaning of the Act, but that term is nowhere defined or discussed in the legislative history. Another difficulty is that the Bureau of Customs has concededly transmitted these documents to state and local law enforcement agencies.[10] "Agency" is defined by the Administrative Procedure Act, of which § 552 is a part, to mean only agencies of the federal government, with certain exceptions, but in no case, state or local agencies.[11] The transmission from the Bureau of Customs to a state or local law enforcement entity would not be an "inter-agency" memorandum for purposes of the Act, and the exemption could not apply to material which was so distributed.

Since the Court places a construction upon the Act which excludes the documents which plaintiffs seek from coverage entirely, these issues of applicability of exemptions need not be resolved, but the above analysis indicates that at least one exemption could be held applicable.

The parties have agreed that nothing further remains to be presented on this matter, and consequently the Court will consider the argument on the motion for preliminary injunction as argument on the merits. There is no factual dispute whatever between the parties, and the defendant has moved to dismiss the action or in the alternative for summary judgment. It is:

Ordered that, pursuant to Rule 65(a)(2), F.R.Civ.P., trial of the action is consolidated with the hearing previously had on the motion for preliminary injunction. It is further ordered that the injunctive relief prayed for by plaintiffs be denied. This opinion constitutes the Court's Findings of Fact and Conclusions of Law, pursuant to Rule 52(a), F.R.Civ.P. Judgment will be entered accordingly.

10. Affidavit of John P. S. Stemple, paragraph VII, filed with defendant's brief.

11. 5 U.S.C. § 551(1).