**William KNOPKE, et al., Plaintiffs-Respondents,**

v.

**Julian KNOPKE, et al., Defendants-Appellants.**

**No. WD 34637.**

Missouri Court of Appeals, Western District.

Nov. 13, 1984.

R.W. Miller, Leslie D. Allard, Miller & Bash, Kansas City, for defendants-appellants.

Duane J. Fox, Burrell, Seigfreid & Bingham, Kansas City, George L. Gisler, Lee's Summit, Arthur H. Stoup, Stoup, Thompson & Wohlner, Kansas City, for plaintiffs-respondents.

Before TURNAGE, C.J., and MANFORD and LOWENSTEIN, JJ.

TURNAGE, Chief Judge.

This cause originated with the filing of an application for the dissolution and liquidation of Knopke Brothers, a limited partnership. The first amended petition was in six counts with the first count seeking a winding up of the partnership and an accounting. The remaining five counts included an unlawful conspiracy charge and various derivative actions for damages. Plaintiffs were several limited partners and the trustees of trusts owning an interest in the partnership. Defendants were Julian Knopke, the general partner; and his sons who were limited partners.

Subsequent to filing their petition, the plaintiffs filed a motion for an order to require Julian Knopke to distribute to plaintiffs the sum of $97,042, plus attorneys' fees and accounting fees. The $97,042 claim arose from a sale of the partnership equipment to the plaintiffs. The partnership had retained the disputed amount as depreciation on the equipment.

The court entered an order that Julian Knopke distribute $97,042 plus interest to

the plaintiffs. The court denied attorneys' fees and accounting fees. This appeal followed the entry of that order. Appeal dismissed.

Count I of plaintiffs' first amended petition alleged the existence of Knopke Brothers as a limited partnership. The petition alleged that Julian Knopke as general partner, and his son, Richard Knopke, as a de facto general partner, violated their fiduciary duties. The prayer of Count I was that Knopke Brothers be wound up, dissolved, and liquidated by the court pursuant to § 358.370, RSMo 1978. The remaining counts sought actual and punitive damages against Julian Knopke and his sons for various derelictions of their partnership duties.

Prior to the filing of the motion involved in this appeal, the trial court had not ordered that the partnership be wound up under its direction.

After this suit was instituted, but prior to any court order, the plaintiffs entered into an agreement with Julian Knopke, as general partner, to purchase the partnership equipment at its book value as of January 31, 1980. The plaintiffs were to receive all net income generated by the rental and sale of such equipment after that date.

Arthur Young & Company completed an audit of the partnership books in December of 1980. A dispute thereafter arose as to who should receive the $97,042 of depreciation accrued on the equipment between January 31, 1980, the date the book value was established, and September 12, 1980, the date the parties executed the document that transferred title to the equipment.

As stated previously, the order which is the subject of this appeal followed the plaintiffs' motion in October of 1981 to compel Julian Knopke to distribute the $97,042 to the plaintiffs. The court heard testimony on this motion, and the evidence concerned only the proper disposition of the $97,042.

The trial court entered its order in January 1983, complete with findings of fact and conclusions of law. The court ordered that the winding up of Knopke Brothers be conducted under the supervision of the court, and that Julian Knopke distribute to the plaintiffs the sum of $97,042, plus interest of $18,378.20. The court denied plaintiffs' request for attorneys' fees and accounting fees. The court designated the order as final and appealable.

On this appeal, the parties have not addressed the question of whether or not the order is in fact a final and appealable judgment. Rather, the parties argue the correctness of the trial court's decision. Nevertheless, it is this court's duty to determine its jurisdiction even if not questioned by the parties. *Mills v. Cameron Mutual Insurance Co.*, 650 S.W.2d 716, 717[1, 2] (Mo.App.1983).

Rule 81.06 provides that the court may designate a judgment final for purposes of appeal when a separate trial is had before the court without a jury of claims arising out of the same transactions, occurrences, or subject matter as the other claims stated or joined in the case. In *Weir v. Brune*, 364 Mo. 415, 262 S.W.2d 597 (1953), the court used the word "claim" synonymously with "cause of action." The court stated: "The judicial unit for an appeal is the final determination of the issues arising from a set of facts involved in the same transaction or occurrence, and not the determination of an individual issue not disposing of the action." 364 Mo. at 419, 262 S.W.2d at 600[7, 8]. Thus, the separate trial of claims in Rule 81.06 means the separate trial of the cause of action arising out of the same transaction, occurrence, or subject matter as the other claims stated or joined in the action, and does not mean the separate trial of one issue involved in the claim or cause of action.

In this case, Count I sought the winding up of Knopke Brothers, a limited partnership. While the term "winding up" is not defined in either Chapter 358, the Uniform Partnership Law, or Chapter 359, the Uniform Limited Partnership Law, such term was defined in *Smith v. Kennebeck*, 502

S.W.2d 290, 293[1] (Mo.1973). The court quoted from an Arizona case as follows:

"Winding up" means the administration of the assets for the purpose of terminating the business and discharging the obligations of the partnership to its members.

In *Dreifuerst v. Dreifuerst*, 90 Wis.2d 566, 280 N.W.2d 335, 338[3, 4] (Wis.App.1979), the court reached the same conclusion:

Winding-up is the process of settling partnership affairs after dissolution. Winding-up is often called liquidation and involves reducing the assets to cash to pay creditors and distribute to partners the value of their respective interests.

The claim or cause of action stated in Count I sought the winding up of Knopke Brothers. Winding up the partnership would involve reducing its assets to cash and paying all its debts. The final judgment would determine the interest of each of the partners, and order the distribution of the respective share to each partner. Short of such a judgment, there can be no final judgment on the claim stated in Count I so long as the court undertakes to wind up the partnership.

Julian Knopke asserts that the court erred in ordering the partnership wound up under court supervision because the partnership had already been wound up. However, there is no evidence in the record to support that contention. The only evidence adduced concerned the depreciation of $97,042. On remand the parties will have the opportunity to develop the true status of the partnership, and the court will make its finding based on that evidence.

█ It is apparent that the subject of this appeal involves only one issue concerned with the winding up: whether the $97,042 is to be credited to the plaintiffs or to Julian Knopke, the general partner. The order involved in this appeal certainly does not accomplish the winding up of the partnership.

Further, the trial court's designation of the judgment as final for the purpose of appeal does not make the order final and appealable. The trial court cannot make a judgment final which is not, in fact, final. *Daniels v. Richardson*, 665 S.W.2d 76, 77 (Mo.App.1984).

The order appealed from is not final and appealable, therefore, the appeal is dismissed.

All concur.