**WENTZVILLE PUBLIC SCHOOL DISTRICT, Plaintiff-Appellant,**

**v.**

**Joseph PAULSON, Defendant-Respondent.**

**No. 50030.**

Missouri Court of Appeals, Eastern District, Division One.

Oct. 8, 1985.

---

Thomas A. Mickes and Bradley Stephen Hiles, St. Louis, for plaintiff-appellant.

Joseph Paulson, Foristell, for defendant-respondent.

KAROHL, Judge.

Defendant, Joseph Paulson, a non-resident school teacher employed by plaintiff, Wentzville Public School District (Wentzville District), applied to have his non-resident child enrolled in Wentzville's school. Section 167.151, RSMo.Supp. 1984 allows the school board, in its discretion, to admit non-resident school pupils and "prescribe the tuition fee to be paid by them." Wentzville District was willing to accept defendant's child as a student. However, Section 168.151, RSMo. 1978, prohibits the school board from receiving "any money from any teacher employed by their district for the purpose of paying tuition." Accordingly, Wentzville District refused to register the child and sought declaratory relief to determine: "1. Whether Section 168.151 RSMo., is applicable if Wentzville School District admits Defendant Paulson's child to its school upon payment of a tuition fee; and, if so, 2. Whether Section 168.151 RSMo. is constitutional." The trial court ruled "that admission of Paulson's non-resident child without tuition will not constitute a violation of Section 167.151." The trial court in finding that Wentzville District "may, in its discretion, accept enrollment of the children of non-resident teachers without soliciting or collecting a tuition fee," did not decide whether section 168.151 is constitutional as applied to these facts. Plaintiff appeals and raises three points of error.

■ It is our duty to determine sua sponte whether this court has jurisdiction of the appeal even though not questioned by the parties. *Knopke v. Knopke*, 681 S.W.2d 13, 14 (Mo.App.1984).

■ The fundamental requisite for the assumption of jurisdiction to render a declaratory judgment is the existence of an actual, justiciable controversy between the parties as to their respective legal rights and duties, admitting a specific relief by way of a judgment conclusive in character and determinative of the issue involved. *Glick v. Allstate Insurance Company*, 435 S.W.2d 17, 20 (Mo.App.1968). A petition for declaratory judgment must present a real and substantial controversy admitting of specific relief through a decree of conclusive character as distinguished from a decree which is merely advisory as to the state of law upon purely hypothetical facts. *Id.*

■ Although plaintiff pleads an actual, bona fide controversy exists between

**134**

Wentzville District and defendant, it clearly asks nothing more than an interpretation of section 168.151, RSMo. 1978. If we accept defendant Paulson's letter filed with the court as an answer to Wentzville District's petition, defendant "also would like a declaratory judgment on these laws to see which apply and which don't." Wentzville District, and defendant parent and school teacher have no existing dispute between each other. The parties do not contend with one another that § 167.151 and § 168.-151, when read together and applied to the facts, reach an opposite result. We find no justiciable controversy between the parties; they both seek only an interpretation of the statutes. This is not a matter for the courts. No controversy of a justiciable nature is stated and, therefore, the trial court lacked jurisdiction to rule on the matter. Further, it is not our function to describe an alternative form which may create an actual controversy.

We dismiss the appeal for want of jurisdiction in the trial court and before this court.

PUDLOWSKI, P.J., and CARL R. GAERTNER, J., concur.