William O. MORROW, Appellant,

v.

JERRY LIPPS, INC., a Florida Corporation, Jerry Lipps, Astro Rentals, Inc., a Missouri Corporation, Ruth Lipps and Hazel Seabaugh, Respondents.

No. 49316.

Missouri Court of Appeals,
Eastern District,
Southern Division.

Dec. 10, 1985.

Motion for Rehearing and/or Transfer Denied Jan. 14, 1986.

Application to Transfer Denied Feb. 18, 1986.

Charles A. Hapke, Rick M. Stout, Chesterfield, for appellant.

Albert C. Lowes and W. Eric Cunningham, Lowes & Drusch, Cape Girardeau, for respondents.

CRIST, Judge.

Appellant (plaintiff) appeals the dismissal of his action by the trial court upon its own motion for failure to prosecute. We dismiss the appeal for want of a final appealable judgment.

Plaintiff originally filed his petition on May 17, 1979, and amended it on August 9, 1979. The petition, written in twelve counts generally alleging breach of contract, seeks both legal and equitable relief based upon plaintiff's former employment with defendant corporations and his alleged status as a minority shareholder in those corporations. Defendants counterclaimed, alleging plaintiff breached the contract and seeking return of his minority interest in the corporations. Plaintiff, in essence, appears to claim defendant breached the contract, and fired plaintiff to "squeeze plaintiff out" of the corporations by exercising a contract right to buy plaintiff's stock at a minimal price. Defendants claim plaintiff breached the contract, was properly fired, and seek damages and return of the stock as per the contract.

The record reflects the action was prosecuted until November 13, 1979, when the trial court, on its own motion, severed Count III, alleging a violation of the Service Letter Statute, from the other eleven counts of the petition. This count was ordered to be determined before disposal of the other eleven counts. Sporadic activity occurred until August 13, 1984, when the trial court noted plaintiff's voluntary dismissal of Count III, and, on its own motion, ordered "[d]ue to the failure of the plaintiff to prosecute, petition dismissed at cost of plaintiff. Counterclaims remain on file." Following denial of a motion for new trial, the dismissal was designated a final appealable order by the trial court.

Although neither party raised the issue, it is the duty of the court, *sua sponte* if necessary, to examine the question of its jurisdiction. *Knopke v. Knopke,* 681 S.W.2d 13, 14 [1] (Mo.App.1984). The right to appeal, which is a creature of statute, is limited to final judgments. *Klippel v. Watkins,* 667 S.W.2d 28, 30 (Mo.App.1984). As defendants' counterclaims were left pending below, the judgment may not be final even though it was properly designated as such under Rule 81.06. *See Reynolds v. Briarwood Development Co.,* 662 S.W.2d 905, 906 [2] (Mo.App.1983).

A designation as final of a dismissal of part of an action under Rule 81.06 is proper if the dismissed part of the action constitutes a separate "judicial unit" or claim, and the dismissal acts as a termination of the action as to that claim. *Knopke,* 681 S.W.2d at 14 [2]. Plaintiff's claim and defendants' counterclaims raise issues of whether plaintiff breached an employment contract, thus exposing him to liability for damages and validating his firing, or if defendant breached the contract in firing plaintiff, and whether stock in defendant's corporation, issued to plaintiff under the contract, should be repurchased as an incident of plaintiff's firing under the contract. It is apparent the claim and counterclaims all concern the same cause of action, and that plaintiff's claim, standing alone, does not constitute the required judicial unit. *Shell v. Shell,* 605 S.W.2d 185, 191 (Mo.App.1980). Therefore, the designation was

**520**

without effect, *Knopke*, 681 S.W.2d at 15, and the appeal is dismissed.

Appeal dismissed.

DOWD, P.J., and REINHARD, J., concur.