**M/A–COM INFORMATION SYSTEMS, INC., Plaintiff,**

v.

**UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, Defendant.**

Civ. A. No. 85–3215.

United States District Court, District of Columbia.

March 4, 1986.

Robert J. Kenney, Jr., Elizabeth B. Heffernan, Washington, D.C., for plaintiff.

Fran L. Paver, Dept. of Justice, Washington, D.C., for defendant.

## MEMORANDUM

GESELL, District Judge.

This Freedom of Information Act action is before the Court on cross-motions for summary judgment, which have been fully briefed. The Court has, in addition, examined *in camera* the 17 pages of material that remain in dispute between the parties.

Plaintiff seeks papers which were developed and exchanged between counsel for the Department of Health and Human Services ("HHS") and counsel for a concern, Paradyne, in an unsuccessful effort to settle a debarment action brought by HHS against Paradyne which is still pending before that agency. HHS originally claimed exemption under 5 U.S.C. § 552(b)(5) and later also relied on 5 U.S.C. § 552(b)(4) in papers filed with the Court. In addition, certain past employment information concerning some officials of Paradyne is sought to be protected under 5 U.S.C. § 552(b)(6).

The claim for exemption under (b)(5) is denied. That section does not cover papers exchanged between a government agency and an outside adverse party. The exemption by its terms covers only "inter" or "intra" agency documents.

The claim for exemption under (b)(4) will be granted. The portions of documents claimed to be exempt under (b)(4) do not contain any facts concerning events leading up to the debarment controversy. Rather, they simply indicate certain accounting and other internal procedures Paradyne was willing to undertake to obtain by consent dismissal of the debarment action without admission of liability or resolution of the facts in dispute.

Although these drafts resulted in nothing definitive, they concern commercial information in which Paradyne, a major electronic concern that is publicly traded, would properly have a commercial interest. The information was explicitly obtained in confidence. Moreover, it is in the public interest to encourage settlement negotiations in matters of this kind and it would impair the ability of HHS to carry out its governmental duties if disclosure of this kind of material under FOIA were required. Thus, while the commercial inter-

est may be slight, it should be protected under the exemption.

■ The claim for exemption under (b)(6) is denied. Very generalized, limited past employment factual data for certain officials of Paradyne is sought to be withheld under this exemption. No satisfactory showing justifying withholding is presented considering the release of far more sensitive private information which has occurred.

It is difficult for the Court to find any justification for the elaborate lawyering which this simple case has engendered, considering particularly the agency's release of substantial data without contest. The very limited information ordered released is inconsequential, plaintiff's interest is a purely commercial matter, and no fees or costs are awarded.

An appropriate Order is filed herewith.

### ORDER

For reasons set forth in an accompanying Memorandum filed herewith, it is

ORDERED that summary judgment is granted defendant on its claim that documents claimed to be covered by 5 U.S.C. § 552(b)(4) need not be released; and it is further

ORDERED that summary judgment is granted plaintiff on defendant's exemption claims under 5 U.S.C. § 552(b)(5) and (b)(6); and it is further

ORDERED that no attorney fees shall be awarded plaintiff and each party shall bear its costs.