**GOLDEN RULE INSURANCE COMPANY, Appellant,**

v.

**Lewis R. CRIST, Director of the Division of Insurance, Department of Economic Development, State of Missouri, Respondent.**

No. 71085.

Supreme Court of Missouri,
En Banc.

March 14, 1989.

Rehearing Denied April 18, 1989.

Leland B. Curtis, Clayton, Guy E. McGaughey, Jr., Lawrenceville, Ill., for appellant.

Mark W. Stahlhuth, Missouri Div. of Ins., Jefferson City, for respondent.

HIGGINS, Judge.

Golden Rule Insurance Company appeals the judgment of the circuit court affirming the decision of the Division of Insurance to make public a market conduct report. Golden Rule maintained that because of factual errors contained in the report, the Director should keep it confidential. A hearing was held, with the Director presiding as hearing officer, and upon issuance of findings of fact and conclusions of law, the Division ordered the report made public. Golden Rule sought judicial review in the circuit court, and the circuit court affirmed the decision of the Director. The Court of Appeals, Western District, remanded the cause for dismissal of the petition for review, and this Court granted transfer. The judgment of the circuit court is affirmed.

Golden Rule is an Illinois corporation licensed to do business in the state of Missouri. In July 1984, the Missouri Division of Insurance began an investigation of Golden Rule, which resulted in the preparation of a Market Conduct Report by the Division staff. Based upon the Report, the Division ordered Golden Rule to show cause why its certificate of authority should not be revoked or suspended. Golden Rule's attorneys prepared a response to the show cause order, and ultimately, the parties entered into a Stipulation of Settlement and Voluntary Forfeiture for settlement of the show cause action. Under the Settlement, Golden Rule admitted to three relatively minor violations and agreed to forfeit $2,500 to the state. The Division agreed that certain allegations in the Report were without merit and that certain portions of the Report would be deleted.

The only issue not resolved in the Settlement was whether the Market Conduct Report, corrected as stipulated, should be filed as a public document or kept confidential. Golden Rule requested, and the Division granted, a hearing to resolve that issue.

A hearing was held on April 15, 1986, before the respondent, Lewis R. Crist. Golden Rule's witnesses testified as to the potential for misuse of the Market Conduct Report in collateral litigation. It also introduced exhibits and a memorandum of law. The Division's witnesses testified as to the procedures followed in handling public market conduct reports.

Director Crist issued a decision ordering that the corrected Report and a record of the proceedings be filed as public documents. He made specific findings that the testimony of each of Golden Rule's witnesses was incredible, that making the Report public would not deny Golden Rule due process, and that the presumption in favor of making documents public should apply. The Circuit Court of Cole County affirmed the order on review. Golden Rule now appeals that decision.

▮ The decision whether to make the Market Conduct Report public is committed to the discretion of the Director. Section 374.070.1, RSMo 1986, provides:

The office shall be a public office and the records shall be public records and shall at all times be open to the inspection of the public subject to such rules as the director shall make for their safekeeping; provided, however, that the work product of the director, his employees and agents, including but not limited to work papers of examinations of companies, work papers of investigations of companies, agents, brokers and insurance agencies and confidential communications to the division of insurance, shall not be considered public records except as the director may decide otherwise or until the matter to which the work papers are related becomes final.

The Director's decision to hear evidence to aid him in the exercise of his discretion does not raise the level of the proceeding to a "contested case." *See Jackson County Public Water Supply District v. State Highway Commission,* 365 S.W.2d 553, 559 (Mo.1963).

This Court's review, therefore, is limited by section 536.150, RSMo 1986, to a determination of whether the Director's decision, "in view of the facts as they appear to the court, is unconstitutional, unlawful, unreasonable, arbitrary, or capricious or involves an abuse of discretion...." Section 536.150 further provides: "the [reviewing] court shall not substitute its discretion for discretion legally vested in [an] administrative officer ... and in cases where the granting or withholding of a privilege is committed by law to the sole discretion of such administrative officer ... such discretion lawfully exercised shall not be disturbed."

Golden Rule argues first that the Director abused his discretion in finding that Golden Rule's witnesses were not credible. It asserts he is required by section 536.090 to make more specific findings. Golden Rule's reliance on section 536.090 is misplaced. As noted above, the Director's decision to grant a hearing does not confer any further procedural rights. *Jackson,* 365 S.W.2d at 559. Review of the record shows that the Director made specific findings of lack of credibility based on bias and demeanor. The Director's assessment of credibility was neither unreasonable nor an abuse of discretion.

Golden Rule argues second that the Director abused his discretion in ordering the Market Conduct Report and the accompanying records public. The public policy of the State clearly favors open records:

610.011. Liberal construction of law to be public policy.—1. It is the public policy of this state that meetings, records, votes, actions, and deliberations of public governmental bodies be open to the public unless otherwise provided by law. Sections 610.010 to 610.028 shall be liberally construed and their * exceptions strictly construed to promote this public policy.

2. Except as otherwise provided by law, all public meetings of public govern-

mental bodies shall be open to the public as set forth in section 610.020, all public records of public governmental bodies shall be open to the public for inspection and copying as set forth in sections 610.-023 to 610.026, and all public votes of public governmental bodies shall be recorded as set forth in section 610.015.

* Word "its" appears in original rolls.

§ 610.011, RSMo Supp.1988.

Section 374.070.1 echoes that policy specifically with regard to the Division of Insurance. The Director's findings of fact and conclusions of law indicate that he weighed this policy against Golden Rule's interest in confidentiality. He specifically found: "[t]he benefits of publication of the report outweigh the interests of Golden Rule, which will not be unfairly damaged or unfairly harmed." This Court can find no abuse of discretion in the Director's decision. The judgment of the circuit court affirming the Director's decision is therefore affirmed.

BILLINGS, C.J., and BLACKMAR, ROBERTSON and RENDLEN, JJ., concur.

WELLIVER, J., concurs in result in separate opinion filed.

WILLIAM H. CRANDALL, Jr., Special Judge dissents in separate opinion filed.

COVINGTON, J., not sitting.

WELLIVER, Judge, concurring in result only.

I do not think the question of whether a Market Conduct report containing alleged errors can be released as a public document is a noncontested case. The Market Conduct report formed the basis of the investigation of appellant, and resulted in a show cause order, which unquestionably was a contested issue and a contested case. The mere entering into a stipulation regarding some of the charges contained in the report does not convert the proceeding into a noncontested status.

When the Administrative Procedure Act was adopted, determining the validity of regulations constituted uncontested or non-contested cases. Cases between the government and parties, or between separate parties, constituted contested cases. Continued misuse of "noncontested case" language in our cases is ultimately going to result in our giving more deference to administrative decisions than we presently give to trial court procedures.

WILLIAM H. CRANDALL, Jr., Special Judge dissenting.

I respectfully dissent. I agree with the majority that this appeal does not involve a contested case within the meaning of § 536.010(2), RSMo 1986. I disagree with the implicit holding of the majority that the decision of the Director to make the Market Conduct Report public was subject to administrative review in the circuit court.

When the parties entered into a stipulation for settlement, no contested matters remained for administrative review. There is no question that the Director lawfully exercised the discretion granted him by § 374.070, RSMo 1986. Because the Director had sole discretion over whether the Report was a public record, § 536.150, RSMo 1986, precludes inquiry here.

Accordingly, I do not believe we reach the issue of whether or not there was an abuse of discretion by the Director. I believe that this cause should be remanded to the circuit court with direction to dismiss the petition for review filed by Golden Rule.

For the foregoing reasons, I dissent.