**MISSOURI PROTECTION AND ADVOCACY SERVICES, Respondent,**

v.

**John F. ALLAN and the Department of Elementary and Secondary Education, Appellants.**

**No. WD 42204.**

Missouri Court of Appeals, Western District.

Jan. 30, 1990.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 27, 1990.

Application to Transfer Denied May 15, 1990.

William L. Webster, Atty. Gen., Patricia D. Perkins, Asst. Atty. Gen., Jefferson City, for appellants.

Kenneth M. Chackes, St. Louis, for respondent.

Before KENNEDY, P.J., and LOWENSTEIN and BERREY, JJ.

LOWENSTEIN, Judge.

This is an appeal from a writ of mandamus ordering the appellants to provide to respondent the draft of a report provided to appellants by the United States Department of Education, Office of Special Education Programs. The question involves whether a preliminary draft of a federal report becomes subject to the Missouri Open Meetings Act, §§ 610.010–.030, RSMo Supp.1988, and subject to public disclosure when it is sent to a Missouri governmental body for review. The judgment is affirmed.

Respondent Missouri Protection and Advocacy Services is a nonprofit corporation. Appellant Missouri Department of Elementary and Secondary Education (DESE) is a department in the executive branch of the State of Missouri. Appellant John F. Allan is an Assistant Commissioner over DESE, and as such implements and supervises programs for handicapped children. DESE is responsible for insuring that the requirements of Part B of the Education of the Handicapped Act are carried out and that each educational program for handicapped children administered in the state meets the educational standards of DESE. In this capacity, DESE receives a large amount of federal funds.

■ Within the Office of Special Education and Rehabilitative Services in the United States Department of Education is the Office of Special Education Programs (OSEP) which is the principal agency administering and carrying out the federal Education of the Handicapped Act. As

part of its duties, OSEP performs a review of the state DESE to determine whether educational programs for handicapped children in Missouri are being administered in a manner consistent with Part B of the Education of the Handicapped Act, and then issues a report of its review. Before such a report becomes final, and as part of its review process, OSEP sends a preliminary draft of the report to the state educational agency that it is monitoring in order for the agency to respond to the accuracy and completeness of the report. OSEP reviews any new information and when appropriate, amends the report which in final form is then issued to the public.

Here, OSEP had performed its review of DESE and provided DESE with a preliminary draft of its report. Respondent, seeking a copy of this draft, filed for injunctive relief, but amended to seek a writ of mandamus. The writ was granted ordering appellants to make available to respondent the preliminary draft of the report in question. This appeal followed.

Appellants' first point seeks a reversal stating there is no duty on their behalf to provide respondent with a draft of the OSEP report because the report is not a public record under § 610.010(4), RSMo Supp.1988. This section reads in part:

(4) "Public record," any record retained by or of any public governmental body including any report, survey, memorandum, or other document or study prepared and presented to the public governmental body by a consultant or other professional service paid for in whole, or in part by public funds ... *Id.*

Simply stated, the appellants argue the draft of the OSEP report is not a record retained by or of itself. They espouse two major reasons for this conclusion: 1) it is implicit in § 610.010(4) that the record in question be a record *created by* or *caused to be created by* the public governmental body or is a record that the public government or body was *responsible for maintaining* because of some statutory or departmentally-mandated duty; and 2) the record possessed must be *final* in form.

This court disagrees with these contentions.

The primary rule of statutory construction is to ascertain the intent of the legislature from the language used and to give effect to that intent if possible. *Wolff Shoe Co. v. Director of Revenue*, 762 S.W.2d 29, 31 (Mo. banc 1988). Words must be accorded their plain and ordinary meaning, *Id.*, and, if the wording of a statute is plain, simple, and straightforward, it is appropriate to assume that the ordinary meaning of those words accurately expresses the legislative purpose. *United States v. Jones*, 811 F.2d 444, 447 (8th Cir.1987).

A perusal of the statute in question thwarts any attempt to narrow the legislative intent. Appellants wish to limit the clear meaning of the word "retain" by surrounding it with additional factors to be met—1) the record be created by or caused to be created by the public governmental body, or 2) there is a formal directive which mandates the retention of the record. The statute reads "any record retained by or of any public governmental body," there are no further requirements. The plain and ordinary meaning of the word retain is "to hold or continue to hold in possession or use; continue to have ...; maintain, in one's keeping." Webster's Third New International Dictionary, 1938 (1981). There can be no doubt DESE has retained, in the layman's sense of the word, the draft of the OSEP report. The appellants have in their possession the report in question and, according to the plain meaning of § 610.010(4), the requirement of retention has been fulfilled.

■ Appellants' contention that the record possessed must be in final form before it is subject to disclosure must also fail. Once again, the plain meaning of the language used by the legislature does not support this reading. The language is *"any* record retained," not just those records viewed as final in form. This court will not give new meaning to what is clear and unambiguous. *Missouri Division of Employment Security v. Labor and Industrial Relations Commission of Mis-*

*souri,* 699 S.W.2d 788, 791 (Mo.App.1985). Point one is denied.

■ The next point goes something like this: If the draft report is a public record, it is not subject to disclosure because of § 610.021 which reads;

Except to the extent disclosure is otherwise required by law, a public governmental body is authorized to closed meetings, records and votes, to the extent they relate to the following:

. . . .

(14) Records which are protected from disclosure by law; and, under the federal Freedom of Information Act (FOIA), 5 U.S.C. 552(b)(5) which exempts:

inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with an agency.

Their theory is that even though the appellants are covered by the Missouri law and not the federal law, the draft report itself retained the FOIA exemption and is exempt from disclosure "by law" under § 610.021(14). To follow this argument would allow a state agency not covered by the federal FOIA to argue an exception under the FOIA, which applies only to federal agencies. *Berry v. State Department of Corrections,* 145 Ariz. 12, 699 P.2d 387, 388 (App.1985). This would ultimately defeat a request of a state agency pursuant to state open records legislation.

No case authority has been presented in this appeal which would allow the state agency recipient of a federal agency document to claim a FOIA exemption for the document in a state open records case. Assuming without deciding the standing of the appellants to assert a FOIA exemption, the argument must be rejected because there has been no proof in the record the draft report in question was of such a character as would make it exempt under FOIA language if the document had been transmitted between two federal agencies. In other words, the appellants have put before the court a record which fails to support their initial hypothesis of the report qualifying for (b)(5) exemption status.

Without this pivotal element of proof, and if the theory presented by appellants was adopted, a document not exempt from disclosure under the FOIA law as transmitted between federal agencies could, nonetheless, be shielded from public view by a state agency which held the document.

For a (b)(5) exemption a showing must be made of the character of the material to be protected, "for materials which reflect any deliberative or policy making processes in the one hand, and purely factual, investigative matters on the other." *EPA v. Mink,* 410 U.S. 73, 89, 93 S.Ct. 827, 837, 35 L.Ed.2d 119, 133 (1973). Not all summaries are *ipso facto* exempt, and disclosure of objective facts in some reports would not threaten the deliberative process. *Lead Industries Association, Inc. v. OSHA,* 610 F.2d 70, 83 (2d Cir.1979). Broadly stated, purely factual material is not protected under the (b)(5) FOIA exemption, but advice, conclusions and recommendations are protected from disclosure. *Playboy Enterprises, Inc. v. Department of Justice,* 219 U.S.App.D.C. 343, 677 F.2d 931, 935 (1982). When presenting a FOIA claim the agency must provide a "detailed analysis of the reason for invoking an exemption, with a realization of exemptions being narrowly construed to in accordance with a legislative purpose that disclosure rather than secrecy is the dominant objective of the FOIA." *Parton v. U.S. Department of Justice,* 727 F.2d 774, 776 (8th Cir.1984). Without a concession as to the character of the document here in question, nor an *in camera* inspection by the trial court, and with the burden on the agency to show an exemption, the point must fail on this basis. *See e.g. Wilson v. Freedom of Information Comm.,* 181 Conn. 324, 435 A.2d 353, 26 ALR4th 624 (1980); *Milford v. Gilb,* 148 Mich.App. 778, 384 N.W.2d 786 (1985).

As was said in *Hoch v. C.I.A.,* 593 F.Supp. 675, 678 (D.D.C.1984), the § 552(b)(5) exemption "... protects inter-agency or intra-agency memoranda that are not available through civil discovery to a private party in litigation with the agency," and "... incorporates two privileges available to the government in civil litiga-

tion: (1) the deliberative process privilege, which protects advice, recommendations, and opinions that are part of the decision making process of the government; and (2) the attorney-client privilege and attorney work-product privilege, which is generally available to all litigants." Citing *NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 95 S.Ct. 1504, 44 L.Ed.2d 29 (1975).

The even larger flaw in the appellants' theory relying on the FOIA as "the law" to protect disclosure under the Missouri act is the transfer of the document by the federal agency to a state agency. Like the state law, the FOIA is designed to insure "virtually every document generated by an agency is available to the public in one form or another, unless it falls within one of the ... exemptions." *NLRB v. Sears Roebuck & Company, supra,* at 136, 95 S.Ct. at 1509.

In the same vein, Chapter 610 embodies Missouri's commitment to open government and is to be construed liberally in favor of open government. *Tipton v. Barton,* 747 S.W.2d 325, 330 (Mo.App.1988); *MacLachlan v. McNary,* 684 S.W.2d 534, 537 (Mo.App.1984). The exceptions to the Missouri law are to be strictly construed. Section 610.011.1; *Golden Rule Insurance Company v. Crist,* 766 S.W.2d 637, 638 (Mo. banc 1989); *Kansas City Star Company v. Shields,* 771 S.W.2d 101, 104 (Mo. App.1989).

Bearing in mind the applicability of both acts, the argument here is further eroded in that cases interpreting the FOIA would foreclose the appellants' reliance on the (b)(5) exemption:

> That section does not cover papers exchanged between a government agency and an outside adverse party. The exemption by its terms covers only 'inter' or 'intra' agency documents.

*M/A–COM Information Systems v. United States Department of Health and Human Services,* 656 F.Supp. 691 (D.C.C. 1986).

> Moreover, the FOIA and the Privacy Act apply only to 'agencies' as that term is defined under 5 U.S.C. § 551(1) and 5 U.S.C. § 552(e). Under these definitions,

'agency' does not encompass state agencies or bodies;

*St. Michael's Convalescent Hospital v. California,* 643 F.2d 1369, 1373 (9th Cir. 1981); *Shields v. Shetler,* 682 F.Supp. 1172, 1176 (D.Colo.1988).

> The transmission from the Bureau of Customs to a state or local law enforcement entity would not be an 'inter-agency' memorandum for purposes of the Act, and the exemption could not apply to material which was so distributed.

*City of Concord v. Ambrose,* 333 F.Supp. 958, 961 (N.D.Cal.1971); *Kerr v. United States Dis. Ct. for North. Dist. of Cal.,* 511 F.2d 192, 197 (9th Cir.1975).

The attenuated theory of an exception does not pass muster under the Missouri Law and is therefore denied. *Librach v. Cooper,* 778 S.W.2d 351, 356 (Mo.App. 1989).

█ The appellants' third and final point is that issuance of the writ of mandamus is in error because this is not a proper case for mandamus. They contend there is no clearly established ministerial duty on their part to release the draft of the OSEP report, so mandamus is improper.

Mandamus is a remedy designed to enforce, not establish, a right or claim and will lie only where there is an existing, clear, unconditional, legal right in relator and a corresponding present, imperative, unconditional duty upon the part of the respondent. *State ex rel. Power Process Piping, Inc. v. Dalton,* 681 S.W.2d 514, 516 (Mo.App.1984). This definition does not preclude the use of mandamus in this case. Respondent has a legal right to the report and appellant has an unconditional duty to supply the report due to § 610.011.2, which reads in part "all public records of public governmental bodies shall be open to the public for inspection and copying...." Although it may be argued some uncertainty might exist as to a statutory duty due to the facts here involved, mandamus is still available even though a legitimate dispute exists concerning the proper interpretation of the statute providing the basis for the duty. *See, Dalton, supra; State ex rel.*

*City of Kahoka v. Webber*, 618 S.W.2d 267 (Mo.App.1981). Point three is denied.

Taken with the case was a motion to dismiss and a request by the respondent for attorney fees. All motions and requests are denied. The judgment is affirmed.