**CITY OF ST. LOUIS, Respondent,**

v.

**CITY OF BRIDGETON, Appellant.**

**No. 58621.**

Missouri Court of Appeals,
Eastern District,
Division Two.

Feb. 26, 1991.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 8, 1991.

Application to Transfer Denied
May 3, 1991.

William A. Richter, Robert L. Jackstadt, St. Louis, for appellant.

Donald G. Dylewski, James J. Wilson, Edward James Hanlon, St. Louis, for respondent.

CRIST, Judge.

The City of Bridgeton appeals from an order entered in a bench trial. The trial judge determined the City of St. Louis did not have to disclose to Bridgeton its records showing the consideration paid for real estate located in Bridgeton and purchased by St. Louis for Lambert–St. Louis International Airport noise reduction purposes. We affirm.

Bridgeton contends the Missouri Open Meetings and Records Act, §§ 610.010–610.028, RSMo 1986, mandates the release of the sales price of each parcel of real estate in a subdivision immediately upon the closing of the sale of each such parcel.

Pursuant to Title I of the Aviation Safety and Noise Abatement Act of 1979, as amended, 49 U.S.C.App. § 2101 et seq., St. Louis undertook to acquire certain residential properties adjacent to Lambert. The residential acquisition area included an area of Bridgeton known as the McNulty Manor Subdivision. The attempted acquisition of this subdivision led to this litigation.

On June 9, 1986, St. Louis adopted an ordinance authorizing a tax appropriation of $2,000,000 for the purchase of 78 identified parcels of real estate comprising the entire subdivision. St. Louis purchased 61 of 78 parcels through voluntary negotiated transactions. St. Louis actively sought to purchase the remaining 17 parcels. Bridgeton has demanded that the price paid for each of the 61 parcels be revealed.

St. Louis filed suit in the circuit court in the City of St. Louis asking it not be required to disclose the subdivision price records. On the same date, Bridgeton filed suit in the same court seeking authority to inspect and copy the records. The two suits were consolidated. Bridgeton complains that venue is improper in the St. Louis suit, although the same issue is involved in both suits.

█ Missouri's public policy favors open records. *Golden Rule Ins. Co. v. Crist*, 766 S.W.2d 637, 638 (Mo. banc 1989). The Open Meetings and Records Act provides that all public records shall be open to the public for inspection and copying, unless otherwise provided by law. § 610.011(2), RSMo (Supp.1989). However, the Act also contains exceptions to this rule. The exception pertinent to this case states:

Except to the extent disclosure' is otherwise required by law, a public governmental body is authorized to close meetings, records, and votes to the extent they relate to the following:

. . . . .

(2) Leasing, purchase or sale of real estate by a public governmental body where public knowledge of the transaction might adversely affect the legal consideration therefor. However, any vote or public record approving a contract relating to the leasing, purchase or sale of real estate by a public governmental body shall be made public upon completion of the lease, purchase or sale of the real estate....

§ 610.021(2), RSMo (Supp.1989). The Act also provides that the exceptions to this rule shall be strictly construed to promote this public policy. § 610.011(1), RSMo (Supp.1989).

St. Louis contends that the word "transaction" is sufficiently broad to encompass this multi-lot bulk real estate acquisition program, as held by the lower court. The language of the statutory exception precisely covers the situation in this case. The evidence, in the form of expert testimony, indicated that knowledge of the price paid for the parcels might adversely affect the consideration the City would have to pay for the rest of the parcels involved in the acquisition. This adverse effect is highly probable, given that the acquisition is of contiguous parcels in a single, recognized subdivision. The City of St. Louis is therefore authorized to close the records relating to the purchase price of these parcels until all the parcels in the subdivision have been acquired.

■ A governmental body must use discretion, however, in determining what is a single transaction. If the parcels to be acquired were not contiguous, for example, the acquisition might not comprise a single transaction.

Bridgeton asserts the suit filed by St. Louis seeking declaratory judgment lacked proper venue. However, this question is moot, because the same issue is involved in both suits, and venue was proper as to Bridgeton's suit.

■ Finally, Bridgeton complains about the admission of St. Louis' expert witnesses' testimony that disclosure of the purchase price of the properties acquired by the City might adversely affect the consideration paid for the parcels. Section 490.-065(1), RSMo 1986, authorizes the use of expert witnesses in civil cases where specialized knowledge will assist the trier of fact in understanding or determining an issue. These witnesses had specialized knowledge in the area of purchasing numerous contiguous parcels for assembly into a larger tract as part of an overall project. Their opinions that public disclosure might adversely affect the consideration were clearly designed to assist the trier of fact on that issue. Further, Bridgeton has not shown wherein and why it was adversely affected by this testimony.

GARY M. GAERTNER, P.J., and SIMON, J., concur.