Ken Clayton Prosecuting Attorney of the Phelps County 200 North Main Rolla, MO 65401
Dear Mr. Clayton:
You have submitted a question to this office regarding jury lists. You have asked whether prospective juror lists and qualified jury lists are public records which are subject to disclosure under the provisions of Chapter 610, RSMo, the Sunshine Law.
In your letter you state that master jury lists are prepared by the board of jury commissioners and from that list a list is drawn at random. In turn, from that list deceased individuals and those ineligible from serving are deleted, creating the qualified jury list. From the qualified list names are drawn at random to form the prospective jury list, which form the jury pool for each term. In your request you ask four questions:
 1) Is the board of jury commissioners a public governmental body, as defined in Chapter 610, RSMo?
 2) Is the board of jury commissioners, when performing its duties pursuant to Chapter 494, RSMo, operating in a judicial or administrative role?
 3) If the board of jury commissioners is not a public governmental body, is it exempt from the requirements of Chapter 610, RSMo?
 4) If the qualified and prospective jury lists are to be made public, who is the party responsible for furnishing copies to persons who request them?
In order to answer your questions, the provisions of Chapter 610, RSMo, and of Sections 494.405-445, RSMo, need to be reviewed. Section610.010 defines in part public governmental body as: ". . . any legislative, administrative or governmental entity created by the constitution or statutes of this state, by order or ordinance of any political subdivision or district, judicial entities when operating in an administrative capacity, or by executive order, . . ."
You have asked whether the board of jury commissioners is acting in a judicial or administrative role when performing its duties in Chapter 494. By framing your question in that fashion, you have recognized that public governmental bodies for this question are defined either as those that are legislative, administrative, or governmental entities created by statutes or judicial entities operating in an administrative capacity. One of the members of the board of jury commissioners, and its presiding officer, is either the presiding judge of the county or another judge assigned by the presiding judge. Section 494.405.1 and .2, RSMo 1994. The legislature has recognized that certain functions of judicial entities are administrative in nature, thereby subject to the provisions of Chapter 610, RSMo.
However, the board of jury commissioners is not a judicial entity. "Judicial" is defined as "Belonging to the office of a judge; as judicial authority. . . . Involving the exercise of judgment or discretion; as distinguished from ministerial." Black's Law Dictionary, 6th Edition, 1990, p. 846. A "judicial act" is defined as "An act which involves exercise of discretion or judgment. . . . An act by member of judicial department in construing law or applying it to a particular state of facts." Black's, supra.
Black's also defines "administrative acts" as "acts which are necessary to be done to carry out legislative policies and purposes already declared by the legislative body. . . ." Black's, supra at 45. The mechanism for creating master jury lists, prospective jury lists, and prospective jury lists to create a jury pool is an administrative function of the board of jury commissioners, which was created by the legislature to fulfill those administrative functions.
We presume that the various jury lists are maintained in the circuit clerk's office and, possibly, in the county clerk's office, both of whom are members of the board of jury commissioners. Section 494.405.2, RSMo 1994. A public record that is maintained in an office that did not create that record is subject to disclosure under Chapter 610, RSMo.Missouri Protection and Advocacy Services v. Allan, 787 S.W.2d 291
(Mo.App. 1990). Therefore, any public governmental body that has these lists must provide them upon proper request under Chapter 610, RSMo.
 CONCLUSION 1) The board of jury commissioners is a public governmental body as defined in Chapter 610, RSMo.
 2) When the board of jury commissioners performs its duties pursuant to Chapter 494, RSMo, it is acting in an administrative role.
 3) Because the board of jury commissioners is a public governmental body it is not exempt from the provisions of Chapter 610, RSMo.
 4) Any public governmental body in possession of the qualified jury list or prospective jury list is responsible for providing copies if requested under Chapter 610, RSMo.
Very truly yours,
 JEREMIAH W. (JAY) NIXON Attorney General