**Raymond Eugene CHARLIER, Appellant,**

v.

**Jack CORUM, Sheriff of Clay County, Missouri, Respondent.**

**No. WD 42575.**

Missouri Court of Appeals, Western District.

July 24, 1990.

Michael J. Svetlic, Kansas City, for appellant.

John M. Crossett, Liberty, for respondent.

Before TURNAGE, P.J., and LOWENSTEIN and GAITAN, JJ.

GAITAN, Judge.

Appellant, Raymond E. Charlier, a licensed bondsman, brought suit to compel respondent, Sheriff Jack Corum of Clay County, to open and provide certain public records. This Court held in *Charlier v. Corum*, 774 S.W.2d 518, 520 (Mo.App. 1989), that respondent's office as Sheriff of Clay County was a "public governmental body," pursuant to Mo.Rev.Stat. §§ 610.-010–.030 (1986). We found, therefore, that the records maintained by his office were "public records." *Id.*

Further, we held that the trial court should have issued a writ of mandamus to open up the records for inspection and copying by appellant. *Id.* Judgment was entered reversing the trial court's decision to the contrary; the cause was remanded to the trial court with instructions to enter a judgment granting a writ of mandamus; to make a determination of whether or not the Sheriff purposely violated §§ 610.-010–.030, and if so, whether sanctions should be imposed.

There is no dispute regarding the proceedings on remand. A hearing was held and evidence was submitted. The court took judicial notice of the prior trial transcript, as well as all exhibits previously offered and received in the original trial.

Appellant's attorney submitted a post-trial brief to the court, before the hearing on remand, which set forth legal grounds in support for the assessment of sanctions and attorney's fees by the trial court, in favor of the appellant. Among appellant's exhibits was exhibit number eight, a memorandum letter from Joyce Wollard, supervisor of the records department for the Sheriff of Clay County, who personally issued the memorandum dated November 5, 1987, on respondent's letterhead, which read as follows: "As of today, we will no longer give any information regarding inmate or criminal records to any bondsmen. This is per Sheriff Corum from our County Counselor."

Exhibit number six, a written request from the appellant dated November 27, 1987, specifically requesting information with respect to active warrants existing on a particular individual, was never responded to by the respondent even though he acknowledges receipt of it. There was testimony that the Sheriff's records were made available to bail bondsmen, including the plaintiff, before November 5, 1987.

I.

On August 4, 1989, this Court entered a mandate to the trial court to enter a judgment specifically granting a writ of mandamus as prayed for by appellant's petition. The trial court, on remand with instruc-

tions, entered its order on September 11, 1989, after a hearing on September 6, 1989. The trial court, however, did not issue a writ of mandamus, as ordered by this Court.

 It is clear in Missouri that where a remand is with direction, a trial court is bound to render judgment in conformity with that mandate. *Davis v. J.C. Nichols Co.*, 761 S.W.2d 735, 737 (Mo.App.1988). This mandate must be followed without deviation by the trial court. *Sebree v. Rosen*, 374 S.W.2d 132, 136 (Mo.1964); *see also Keltner v. Harris*, 204 S.W. 561, 562 (Mo.App.1918). The trial court has a duty to render judgment in conformity with the mandate, and its proceedings contrary to the mandate are null and void. *Davis v. J.C. Nichols Co.*, 761 S.W.2d at 737, *citing, Morrison v. Casperson*, 339 S.W.2d 790, 792 (Mo.1960). The appellant is entitled to the writ of mandamus as previously ordered.

## II.

 Next, we must consider whether the respondent purposefully violated Mo.Rev. Stat. § 610.027(3) (1986) which reads as follows:

> Upon a finding by a preponderance of the evidence that a member of a "public body" has purposely violated 610.010 through 610.027, the member may be subject to a civil fine in the amount of not more than $300.00 and the Court may order the payment by such member of all costs and reasonable attorney's fees to any party successfully establishing a violation of Section 610.010 to 610.026.

It had been the practice of respondent sheriff's office to disclose records to bail bondsmen prior to the memorandum letter of November 5, 1987. The fact that the Sheriff's office received legal advice from the county counselor and acted in accordance with that advice does not relieve respondent from liability for a purposeful violation of the law. In the case of *Tipton v. Barton*, 747 S.W.2d 325, 332 (Mo.App. 1988), the eastern district found that "the finding of a purposeful violation must be supported by a preponderance of the evidence, or evidence which as a whole shows the fact to be proved more probable than not." The court entered an assessment of attorney's fees against the city coordinator as "a public governmental body" who was found to have "purposely" denied disclosure of itemized billing statements prepared for by the city. There, as here, a public governmental official, the city coordinator told the plaintiff that the itemized billing statements would not be given to the plaintiff. The court, in *Tipton*, found that such a denial was a purposeful refusal to submit the records. Such is the case here.

The similarities between this case and *Tipton* are striking. First, in both cases a public official denied that his office was a "public governmental body." Second, both cases were tried on stipulated facts where it was admitted that the public officials refused to produce documents which were held by them in their official capacity. Third, a finding existed which permitted the assessment of costs and attorney's fees as sanctions for the purposeful violation of the law. The appellant presented evidence that his reasonable attorney's fees were $4,219.91. This evidence was not contested.

The respondent alleges that he had a good faith belief that he was not a "public governmental body." Hence, there was no purposeful violation. In the *Tipton* case, the city coordinator initially contended that his office did not constitute a governmental body as defined by Mo.Rev.Stat. §§ 610.-010–.030, and later argued that the billing statements requested were exceptions to the law. *Id.* at 330. While the defendant in *Tipton*, alleged that he had a good faith belief that he was not a "public governmental body", and that belief provided the basis for his decision to withhold the disclosure of records, the court still found a purposeful violation of the disclosure act and did assess attorney's fees.

The assessment of a fine is proper to effectuate the public policy in Missouri. *Kansas City Star Company v. Shields*, 771 S.W.2d 101, 104–05 (Mo.App.1989). The legislature amended § 610.027(3), for that very purpose. "These remedies were added to beef up and to deter violation of

the already stated public policy of the law, as spoken loudly and clearly in the General Assembly to open the business of government to people." *Kansas City Star*, 771 S.W.2d at 104, *citing Cohen v. Poelker*, 520 S.W.2d 50, 52–53 (Mo. banc 1975). When respondent Sheriff Corum decided to act and make public the decision to discontinue releasing the records to the public, he purposely violated § 610.027(3).

The trial court properly assessed court costs against the respondent, sheriff. However, the trial court erred by its finding that the respondent did not purposely violate § 610.027(3), and further erred by not assessing attorney's fees and a civil fine against the respondent.

The judgment of the trial court is reversed and the cause is remanded with directions that it specifically enter a writ of mandamus as previously ordered by this Court. Further, the trial court is to award reasonable attorney's fees to plaintiff's counsel in the amount of $4,219.91 plus $1,000 attorney's fees for this appeal. Further, the trial court shall assess a civil fine against the respondent not to exceed $300.

All concur.