[EDITORS' NOTE: THIS OPINION HAS BEEN WITHDRAWN.]
Wayne Neal City Administrator City of Frontenac 10555 Clayton Road St. Louis, Missouri 63131
Dear Mr. Neal:
This opinion is in response to your questions asking:
 1. Whether an incident report containing the name and address of a victim of an assailant who has shot into a residence, a business or a vehicle but who has not been apprehended, is protected as a whole?
 2. Under these facts, if the document is not protected as a whole, may or must it be marked so as to delete only the name and address of the victim and then be delivered to the party requesting the document?
 3. Under these facts, if the document is not protected as a whole, may or must it be marked to delete not only the name and address of the victim but any pertinent information which could reasonably lead to a determination of the name and address of the victim and then be delivered to the party requesting the document?
You submitted your opinion request pursuant to Section610.027.5, RSMo Supp. 1990, which authorizes a public governmental body in doubt about the legality of closing a particular record to seek a formal opinion of the Attorney General. A city administrator is a public governmental body authorized to make such a request. See Tipton v. Barton,747 S.W.2d 325, 329 (Mo.App. 1988).
Section 610.010(4), RSMo Supp. 1990, defines a "public record" as "any record retained by or of any public governmental body . . . ." Section 610.011, RSMo Supp. 1990, provides in part:
 610.011. Liberal construction of law to be public policy. — 1. It is the public policy of this state that meetings, records, votes, actions, and deliberations of public governmental bodies be open to the public unless otherwise provided by law. Sections 610.010 to 610.028 shall be liberally construed and their exceptions strictly construed to promote this public policy.
 2. Except as otherwise provided by law, . . . all public records of public governmental bodies shall be open to the public for inspection and copying as set forth in sections 610.023 to 610.026 . . . .
There are no statutory provisions that relate specifically to police incident reports.[1] In Attorney General Opinion Letter No. 42-86, a copy of which is enclosed, we noted at page 2 that in Hyde v. City of Columbia, 637 S.W.2d 251 (Mo.App. 1982), "the court indicated that investigation records of law enforcement agencies generally come within the definition of public records." Specifically, the Court stated in Hyde that there were no statutory provisions exempting law enforcement investigative records from disclosure and
 . . . absent an intention otherwise discernible from the statutory purpose as aided by construction of the text, the records of the criminal investigation process up to the event of arrest are public records and altogether unprotected from disclosure on demand.
Hyde v. City of Columbia, supra, 637 S.W.2d at 259. Based on the provisions in Chapter 610, RSMo, discussed above and Hydev. City of Columbia, supra, we conclude that a police incident report relating to a shooting into a residence, a business or a vehicle is a public record and is not protected from disclosure except as discussed hereinafter.
Section 610.021(14), RSMo Supp. 1990, provides:
 610.021. Closed meetings and records authorized, when — exceptions, parents and guardians to certain scholastic records and public access to certain personnel records. — Except to the extent disclosure is otherwise required by law, a public governmental body is authorized to close meetings, records and votes, to the extent they relate to the following:
* * *
 (14) Records which are protected from disclosure by law;
* * *
Section 610.021(14), RSMo Supp. 1990, provides for closure of records which are protected from disclosure by law.
In 1988, subsequent to Hyde v. City of Columbia, supra,
the Missouri General Assembly enacted what is now numbered Section 610.150, RSMo Supp. 1990. Such section relates to information received through use of the "911" emergency telephone service and provides:
 610.150. "911" telephone reports confidential, exceptions. — Any information acquired by a law enforcement agency by way of a complaint or report of a crime made by telephone contact using the emergency number, "911", shall be inaccessible to the general public. Such information shall be available upon request by law enforcement agencies or the division of workers' compensation or pursuant to a valid court order authorizing disclosure upon motion and good cause shown.
Based on Section 610.150, RSMo Supp. 1990, we conclude a police incident report is closed to the general public to the extent of any "information acquired by a law enforcement agency by way of a complaint or report of a crime made by telephone contact using the emergency number, `911'."
A second exception providing closure relates to a police incident report where the victim can identify an assailant and the assailant is still at large. In discussing such situation, the Court in Hyde v. City of Columbia, supra, stated:
 To construe the Sunshine Law to open all criminal investigation information to anyone with a request subserves neither the public safety policy of our state nor the personal security of a victim — but rather, courts constitutional violations of the right of privacy of a witness or other citizen unwittingly drawn into the criminal investigation process as well as the right of an accused to a fair trial. Such a construction leads to the absurdity . . . that an assailant unknown as such to the authorities, from whom the victim has escaped, need simply walk into the police station, demand name and address or other personal information — without possibility of lawful refusal, so as to intimidate the victim as a witness or commit other injury. [Court's emphasis.]
Id., 637 S.W.2d at 263.
Stating its intent to avoid an unlawful or absurd application of the law, the Court determined that "the name and address of a victim of crime who can identify an assailant not yet in custody is not a public record under the Sunshine Law." Id., 637 S.W.2d at 263. [Court's emphasis.] Although the Sunshine Law has been amended subsequent to Hyde v. City ofColumbia, supra, the foregoing statement by the Court in Hyde
appears still valid. See Bauer v. Kincaid, 759 F. Supp. 575,588 (W.D. Mo. 1991). Based on Hyde v. City of Columbia,supra, we conclude the name and address of a victim who can identify an assailant who has not been apprehended must be deleted from an incident report before such report is made public.
The final issue for consideration concerns information on an incident report which could lead to determination of the name and address of a victim who can identify an assailant who has not been apprehended. In Attorney General Opinion Letter No. 42-86, we stated:
 . . . it is quite clear that even though a situation might not fall directly under Hyde, it may fall within the theory and teachings of Hyde . . . . Records may be or are closed because of the provisions of other statutes and, as extended by Hyde,
because of other requirements for closure or deletion on a theory of law recognizing personal privacy, the efficient suppression and punishment of crime, the protection of third persons, or the like.
Id. at 4. Therefore, where release of particular information could lead to a determination of the name and address of a victim who can identify an assailant who has not been apprehended, such information must be deleted from an incident report before such report is made public.
CONCLUSION
It is the opinion of this office that pursuant to Chapter 610, RSMo, and Hyde v. City of Columbia, 637 S.W.2d 251
(Mo.App. 1982), a police incident report relating to a shooting into a residence, a business or a vehicle is a public record and is not protected from disclosure except that (1) an incident report is closed to the general public pursuant to Section 610.150, RSMo Supp. 1990, to the extent of any information acquired by a law enforcement agency by way of a complaint or report of a crime made by telephone contact using the emergency number, "911", and (2) pursuant to Hyde v. City of Columbia, supra,
the name and address of a victim who can identify an assailant who has not been apprehended must be deleted from an incident report before such report is made public, and information which could lead to determination of the name and address of a victim who can identify an assailant who has not been apprehended must be deleted from an incident report before such report is made public.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General
Enclosure: Opinion Letter No. 42-86
[1] Sections 610.100 and 610.105, RSMo 1986, provide for arrest records and other official records pertaining to a case to be closed under certain circumstances. Because your questions relate to police incident reports where the assailant has not been arrested, we need not consider these statutes when addressing your questions.