**Patrick DEATON, Respondent,**

v.

**Ralph C. KIDD, Director/Revisor of Statutes, Appellant.**

**No. WD 50822.**

Missouri Court of Appeals, Western District.

March 12, 1996.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 30, 1996.

Application to Transfer Sustained May 28, 1996.

Case Retransferred Nov. 22, 1996.

Court of Appeals Opinion Readopted Nov. 27, 1996.

Thomas Patrick Deaton, Jr., Springfield, for Respondent.

Susan Nell Rowe, St. Louis, for Intervenor.

Keith A. Wenzel, Jefferson City, for Appellant.

Before FENNER, C.J., P.J., and LOWENSTEIN and HANNA, JJ.

LOWENSTEIN, Judge.

Ralph C. Kidd, the Director/Revisor of Statutes, appeals the judgment that he purposely violated a section of the Sunshine Law, § 610.023, RSMo. (1994)[1] by refusing to provide respondent with a copy of the Missouri Revised Statutes on a reel of computer tape. Finding that the tape was a public record, the trial court ordered Kidd to provide the tape to respondent for the cost of duplication and materials. The trial court also ordered Kidd to pay respondent's litigation costs and fees.

Prior to this action, the computer tape of the Revised Statutes was made available only to private companies who entered into contracts with the Committee on Legislative Research to purchase exclusive access. The raw tape is in ASCII format. For a flat fee and a percentage of sales paid to the state, these companies duplicated the tape, changed it into FOLIO format, added computerized search programs, and sold copies to attorneys and the general public at a profit.

The trial court bases its ruling on the fact that the computerized version of the statutes is a public record and should be accessible to the public. The trial court's ruling would allow any interested party to copy the tape for the cost of duplication and materials.

■ The trial was upon stipulated facts, except for the hearing on the issue of attorney fees. The standard of review on appeal in a court-tried case with stipulated facts and exhibits is "whether the trial court drew the proper legal conclusion from those facts." *Miskimen v. Kansas City Star Co.*, 684 S.W.2d 394, 398 (Mo.App.1984).

1. Hereafter, all citations are to RSMo. (1994) un-  less otherwise noted.

The Director/Revisor offers six arguments on appeal, some of which depend upon each other and will be addressed together.

## I.

The Director/Revisor argues that he is not the proper party for suit because he "has no discretion and must comply with the directives of the Committee on Legislative Research." The Committee was not sued.

Section 610.023.1 requires that "[e]ach public governmental body is to appoint a custodian who is to be responsible for the maintenance of that body's records." The custodian's duties include the following requirements of 610.023.2 and .3:

2. Each public governmental body shall make available for inspection and copying by the public of that body's public records. No person shall remove original public records from the office of a public governmental body or its custodian without written permission of its custodian.

3. Each request for access to a public record should be acted upon as soon as possible ... following the date the request is received by the custodian of records of a public governmental body.

■ The Director/Revisor, by virtue of § 23.070, "shall keep the records of the committee...." The Director/Revisor is the proper party for suit as the custodian of the committee's records. The Committee on Legislative Research could have been sued, but is not a necessary party where the Director/Revisor's actions as records custodian are at issue. The Director/Revisor's argument to the contrary is slightly puzzling, given his statements in a stipulated exhibit that "I am custodian of the records of the Committee on Legislative Research, and have been for years pursuant to the provisions of Section 23.070."

## II.

The overarching issue is whether the Missouri Revised Statutes on tape are "public records." Section 610.010(6) defines public records as "any record, whether written or electronically stored retained by or of any public governmental body...." The Sun-shine Law states that it is the "public policy of this state that ... records ... of public governmental bodies be open to the public unless otherwise provided by law." Section 610.011.

■ The Director/Revisor's only argument that the Revised Statutes are not public records is that the Revisor of Statutes is not a "public governmental body," and therefore the records are not public records. This argument ignores the fact that "public governmental body," as defined in § 610.010.(4) as "any legislative, administrative governmental entity created by the constitution or statutes of the state," certainly includes the Committee on Legislative Research. The Revised Statutes are the product of the Committee, and, as explained above in I., are the responsibility of the Director/Revisor.

Whether the Revised Statutes are public records is an easy question given a legal system which charges the public with having a knowledge of the law and proclaims that ignorance of the law is no excuse for its violation. As the trial court notes, "it is hard to think of a more important public record than the general laws of the state."

This court's analysis is not affected by the fact that the public record at issue is on computer tape. Concerning public records, the legislature has recognized the increasingly important role of computers and electronic media. Section 610.029 provides that "a public governmental body is encouraged to make information available in useable electronic formats to the greatest extent feasible."

## III.

The Sunshine Law provides that public records shall be open unless otherwise provided by law. The Director/Revisor alleges that Chapter 3, RSMo., "provides exclusively for the distribution and dissemination of the Revised Statutes of Missouri and directs the Revisor to disseminate the Revised Statutes of Missouri," apparently arguing that Chapter 3 requires that the statutes be distributed only in book form. While this court rejects that argument, the Director/Revisor is correct that Chapter 3 provides for distribution of the statutes.

The General Assembly has provided for the sale of statutes in various forms, book and electronic, in §§ 3.140 and 3.142. Section 3.140 provides that the revisor "may . . . sell copies of the revised statutes . . ., and any supplement or edition of pocket parts thereto, . . . at a price to be determined by the committee, taking into account the cost of printing and binding, including the cost of delivery." Section 3.142 provides for a "Statutory Revision Fund" which "shall receive funds paid to the revisor of statutes for sales of the revised statutes of Missouri or any supplement thereto, whether in printed, electronic, magnetic, or other form. . . . The committee on legislative research shall determine the form and any fees or charges for the statutes or services."

Thus Chapter 3 provides that the statutes should be available to the public, though the legislature has given the Committee the authority to determine in what *form* and at what *price*. However, once the form and price are set, the Revisor "shall . . . supply to the clerk of the circuit court of each county order blanks in a number sufficient to meet the public demand," and "[t]he blanks may be used by the public to order copies which shall be sold by the committee. . . ." Section 3.140.2. In other words, though the Committee is granted the power to determine the form and a price which includes a profit, the statutes cannot be kept from the public.

■ Because the legislature has set up a fund to receive profits from sales, the profit from statute sales in itself does not violate the Sunshine Law. The problem here is the Director/Revisor's selling the tape through bidding, because it essentially limits access to a public record to those who bid the highest. The fact that Chapter 3 allows the Committee to set the price of the statutes does not allow the Director/Revisor to limit the access required by § 610.023. It does not matter that the high bidder then markets the computerized statutes to the public, because the access to public records has already been limited by the bidding procedure. The Director/Revisor's actions ran afoul of the Sunshine Law and Chapter 3.

■ The Committee picked the form (besides book copies) in which the statutes would be available when it sold the tape. However, no evidence of any price chosen by the Committee was stipulated to, beyond the impermissible price set by the highest bid. Respondent seizes upon the Sunshine Law, § 610.026.1(2), where it provides that "fees for providing access to public records maintained on computer facilities . . . shall include only the cost of copies and staff time required for making copies." The trial court found that besides violating § 610.023, the Director also violated § 610.026.1(2) for charging more than the cost of copies and staff time. However, as mentioned above, § 3.140 allows the Committee on Legislative Research to set the price of statute books at a profit after "taking into account" the costs of production, and this court believes these specific provisions trump the Sunshine Law's cost requirements. The Director/Revisor still violated the Sunshine Law, § 610.023, and as will be explained, the trial court correctly ordered the Director/Revisor, upon written request, to provide the Revised Statutes on computer tape "at the costs of duplication and staff time."

As was its right under § 3.142, the Committee picked the computer tape as one available form of the statutes when the Director/Revisor disseminated the tape to the highest bidder. Until the price is set by the Committee in the manner prescribed by 3.140, the tapes should be sold at cost as ordered by the trial court, payable into the Statutory Revision Fund.

This court does not wish to undercut the legislature's scheme for sales of the book form of the statute. Rather, this court wants to ensure public access to the statute tapes in the same way access to the statute books is assured by § 3.140.2. The Committee is free to set a fair price for the tapes, taking costs into account.

It is important to note that the Director/Revisor does not have to provide the computer tape on 3.5" disks, CD–ROM, or in the FOLIO format; the Director/Revisor simply has to provide the raw data in ASCII format, if requested in writing. However, it is entirely possible that the Committee may wish, in the interests of public policy and

§ 610.029, to see the tapes provided in more useful formats; the Director/Revisor's office under § 3.140 already has the mechanism to take orders for the tapes and then send the orders out to a third party to be filled just as the print copy requests are filled by a contractor. Also, the public may still wish to purchase the laws in the private companies' format, with the specialized search programs added.

Neither does the court's order require the distribution of computerized copies to libraries, etc. as the printed statutes are now distributed, although the legislature is free to require this in the future. Section 3.142 already provides that the committee may provide the Revised Statutes to libraries in computer-readable format. The order here only provides that public records should be made available to the public.

The trial court's order is hereby affirmed, although the Committee is free to determine the price at which the tape will be available in the future.

### IV.

The Director/Revisor argues that there was not a preponderance of evidence to show he purposely violated the Sunshine Law. The trial court awarded fees and costs to respondent under § 610.027.

█ The standard of review is whether there was substantial evidence to support the trial court's ruling, whether it was against the weight of the evidence, and whether the trial court erroneously declared or applied the law. Appellate courts should exercise the power to set aside a judgment on the ground that it is against the weight of the evidence with caution and a firm belief that the decree or judgment is wrong. *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976).

█ There is a preponderance of evidence establishing that the Director/Revisor purposefully violated the Sunshine Law by refusing to provide the computer tape copy when requested. A good faith belief does not relieve an official of liability under the Sunshine Law for a purposeful violation.

*Charlier v. Corum,* 794 S.W.2d 676, 678 (Mo. App.1990). The point is denied.

The judgment is affirmed.

All concur.