In the
 Missouri Court of Appeals
 Western District
 SHOW-ME INSTITUTE, ET AL., )
 )
 Appellants, ) WD84561
 )
 v. ) OPINION FILED: March 29, 2022
 )
 OFFICE OF ADMINISTRATION, )
 BRANDI CARUTHERS, AMERICAN )
 FEDERATION OF STATE, COUNTY )
 & MUNICIPAL EMPLOYEES )
 COUNCIL 61, AND DANNY )
 HOMAN, )
 )
 Respondents. )

 Appeal from the Circuit Court of Cole County, Missouri
 The Honorable Jon Edward Beetem, Judge

Before Division Four: Cynthia L. Martin, Chief Judge, Presiding, Thomas N. Chapman,
 Judge and W. Douglas Thomson, Judge

 The Show-Me Institute and Patrick Ishmael ("Ishmael"), an employee of the Show-

Me Institute, (collectively "Appellants") appeal from the trial court's entry of summary

judgment in favor of the Missouri Office of Administration ("Office of Administration")

and Brandi Caruthers ("Caruthers") in her official capacity as the designated custodian of

records for the Office of Administration's Division of Personnel (collectively
"Government"). The Appellants assert that the trial court's judgment: (1) violated the

policy underlying the Sunshine Law1 by allowing the Government to withhold unredacted

copies of public records from the Appellants that the Government had previously treated

as open by providing them to another private entity; and (2) misapplied section 610.023.2

of the Sunshine Law by allowing the Government to grant one private entity an exclusive

right to access and disseminate certain public records. Finding no error, we affirm.

 Factual and Procedural History2

 On August 28, 2019, the Appellants filed a petition against the Government in the

Circuit Court of Cole County. The American Federation of State, County, and Municipal

Employees Council 61 ("AFSCME") and Danny Homan ("Homan") (collectively

"Intervenors") sought to intervene in the proceedings, and the trial court granted the

request. After obtaining leave from the trial court, the Appellants filed an amended petition

("Amended Petition") on February 25, 2020.

 The Amended Petition asserted that the Government knowingly violated the

Sunshine Law by refusing to provide the Appellants unredacted copies of lists of active

bargaining unit employees that the Government had already provided to AFSCME

 1
 Section 610.010 et seq. All statutory references are to RSMo 2016, as supplemented through the date of
the Appellants' Sunshine Law requests, unless otherwise indicated.
 2
 When reviewing the entry of summary judgment, we view the record in the light most favorable to the
party against whom the judgment was entered and accord the non-movant all reasonable inferences from the record.
Green v. Footoohighiam, 606 S.W.3d 113, 116 (Mo. banc 2020).
 "Facts come into a summary judgment record only via Rule 74.04(c)’s numbered-paragraphs-and-responses
framework." Stanton v. City of Skidmore, 620 S.W.3d 245, 254 (Mo. App. W.D. 2021) (quoting Fleddermann v.
Casino One Corp., 579 S.W.3d 244, 248 (Mo. App. E.D. 2019)). When reviewing the entry of summary judgment,
we may only review the uncontroverted material facts established by the procedure set forth in Rule 74.04(c). Id.
Accordingly, we have compiled the factual background from the properly supported uncontroverted facts identified
in the summary judgment pleadings.
 All rule references are to the Missouri Court Rules, Volume I - State (2020), unless otherwise indicated.

 2
("Unredacted Excel Files"). The Amended Petition alleged that AFSCME and the

Government entered into a Master Labor Contract3 in which the Office of Administration

agreed to provide AFSCME a "current list of active bargaining unit employees" once a

quarter, and that the Government provided AFSCME such lists in the form of the

Unredacted Excel Files, which included each employee's name, employment status, salary

information, work address, home address, and mailing address. The Appellants alleged

that when Ishmael requested electronic copies of the Unredacted Excel Files for 2016,

2017, and 2018, the Government sent Ishmael redacted versions ("Redacted Excel Files"),

explaining that the redactions had been made pursuant to section 610.021(13) and Office

of Administration policy B-36. The Amended Petition argued that even though section

610.021(13) authorized closing the redacted information, because the Government had

already provided the redacted information to AFSCME, the Government was required by

the Sunshine Law to treat that information as open for all purposes. The Amended Petition

alleged that, because the Government refused to provide Ishmael with the Unredacted

Excel Files, the Government knowingly violated section 610.023.2's prohibition against

granting an exclusive right to access and disseminate public records.

 After the Government and the Intervenors filed their respective answers, the

Appellants filed a motion for summary judgment ("Appellants' Motion for Summary

Judgment"), claiming that uncontroverted material facts established that the Government

refused to provide public records, specifically the Unredacted Excel Files, in violation of

 3
 AFSCME Council 72 was the original party to the Master Labor Contract, but during the term of the
contract, AFCME Council 72 merged with and into AFCME Council 61. For ease of reference, we refer to
AFSCME Council 72 and Council 61 collectively as "AFSCME."

 3
section 610.023.2's prohibition against granting any person or entity an exclusive right to

access and disseminate public records. The Appellants' Motion for Summary Judgment

identified two legal issues: (1) whether "the Sunshine Law allow[s] a public governmental

body to treat as 'closed' public information it has already made available to one or more

private entities"; and (2) whether "a public governmental body violate[s] [section]

610.023.2 . . . by granting one or more private entities access to public records, but then

refusing to provide other private entities access to the same public records." The

Appellants' Motion for Summary Judgment asserted a right to judgment as a matter of law

because "(1) the state policy in favor of transparency does not authorize selective closure

of open public records, and (2) [section] 610.023.2 . . . forbids public governmental bodies

to grant any private person or entity the exclusive right to access and disseminate public

records."

 The Government filed a motion to strike the Appellants' Motion for Summary

Judgment ("Motion to Strike"), and the Intervenors filed suggestions in opposition.4 The

Government's Motion to Strike asked the trial court to strike either the Appellants' Motion

for Summary Judgment in its entirety or alternatively, various unauthenticated exhibits,

noncompliant statements of uncontroverted fact, and legal assertions. The Motion to Strike

also sought leave to file a substantive response to the Appellants' Motion for Summary

Judgment, if necessary, following a ruling on the Motion to Strike.

 4
 "[A] motion to strike is a 'response' to a motion for summary judgment that is contemplated by Rule
74.04." Jungmeyer v. City of Eldon, 472 S.W.3d 202, 205 (Mo. App. W.D. 2015).

 4
 While the Appellants' Motion for Summary Judgment and the Government's Motion

to Strike were pending, the Appellants filed correspondence ("Appellants' Letter") on

January 19, 2021. Appellants' Letter addressed the trial court's entry of judgment in United

for Missouri, et al. v. Office of Administration, et al., Case No. 19AC-CC00398, which

concerned a substantially identical request for the records at issue in the instant case. In

the United for Missouri judgment, the trial court concluded that the terms of the Master

Labor Contract that required the Office of Administration to provide a current list of all

active bargaining unit employees to AFSCME did not constitute an "exclusive" right to

access such records in violation of section 610.023.2. The Appellants' Letter conceded that

the trial court "would be virtually certain to reach the same result in the [instant] case" so

that "it seems advisable for the [trial court] to swiftly resolve the [instant] case so that the

[Appellants could] move on to argue their position before the Court of Appeals."5

 On February 25, 2021, the Government filed a motion for summary judgment,

("Government's Motion for Summary Judgment"), arguing that the uncontroverted facts

established as a matter of law that the Government complied with the requirements of the

Sunshine Law. The Government's Motion for Summary Judgment asserted that the

Government's compliance with the terms of the Master Labor Contract did not grant

AFSCME the exclusive right to access and disseminate the Unredacted Excel Files. The

Government's Motion for Summary Judgment also sought partial summary judgment on

the basis that the Amended Petition sought remedies that were outside the scope of those

 5
 The United of Missouri judgment was appealed to this Court and assigned case number WD84305. That
appeal was then dismissed at the appellants' request.

 5
authorized by section 610.027.5. The Appellants' response to the Government's Motion

for Summary Judgment admitted most of the Government's uncontroverted facts, but

disputed the materiality of those facts given the legal issues framed by the Appellants'

Motion for Summary Judgment.

 The trial court entered its judgment and order ("Judgment") on May 26, 2021. The

Judgment sustained the Government's Motion for Summary Judgment, denied the

Appellant's Motion for Summary Judgment, and denied all other pending motions as moot.

The Judgment concluded that "the terms of the Master Labor Contract that provide for the

provision of information to AFSCME do not constitute an 'exclusive' right to access the

closed records." The Judgment further concluded that the Government's "provision of

unredacted records to AFSCME and subsequent refusal to provide [the Appellants]

unredacted copies of the same" did not establish that the Government, in contravention of

section 610.023.2, granted AFSCME an exclusive right to access and disseminate the

Unredacted Excel Files. The Judgment concluded that "to hold otherwise would radically

alter public governmental bodies' duties under the Sunshine Law--creating out of whole

cloth an eternal and binding waiver out of the discretionary decision governmental bodies

are statutorily[]authorized to make in response to each Sunshine Law request for records."

The Judgment noted that, to the extent the Appellants "believe that the Sunshine Law

should prohibit the conduct complained of in this matter, they must seek relief from the

legislative branch." Finally, the Judgment noted that the Appellants' position that the

Government knowingly violated the Sunshine Law was in direct conflict with the

 6
Appellants' acknowledgment that the case presented an issue of first impression. No post-

judgment motions were filed.

 The Appellants appeal.6

 Standard of Review

 We review the grant of summary judgment de novo. Estes as Next Friend for Doe

v. Bd. of Trs. of Mo. Pub. Entity Risk Mgmt. Fund, 623 S.W.3d 678, 686 (Mo. App. W.D.

2021). Summary judgment is appropriate when "there is no genuine issue as to any

material fact and . . . the moving party is entitled to judgment as a matter of law." Rule

74.04(c)(6). In determining whether the entry of summary judgment was appropriate, we

"review[] the record in the light most favorable to the party against whom judgment was

entered, and give[] the non-movant the benefit of all reasonable inferences from the

record." Estes as Next Friend for Doe, 623 S.W.3d at 686 (quoting Truman Med. Ctr., Inc.

v. Progressive Cas. Ins. Co., 597 S.W.3d 362, 365-66 (Mo. App. W.D. 2020)). A

defending party, such as the Government, is entitled to summary judgment if it

demonstrates one of the following:

 (1) facts negating any one of the claimant's elements necessary for judgment;
 (2) that the claimant, after an adequate period of discovery, has not been able
 to--and will not be able to--produce evidence sufficient to allow the trier of
 fact to find the existence of one of the claimant's elements; or (3) facts
 necessary to support his properly pleaded affirmative defense.

 6
 The Appellants filed their notice of appeal on June 1, 2021, within ten days of the trial court's entry of the
Judgment. The Judgment did not become final upon its entry, though. Judgments are not final for purposes of
appeal until at least thirty days after their entry. See Rules 75.01 (providing that the trial court retains control over a
judgment for thirty days after its entry); 84.01(a) (providing that the notice of appeal must be filed within ten days of
the judgment becoming final); 81.05(a)(1) (providing that, if no authorized after-trial motion is filed during the
thirty days during which a trial court retains control over the judgment, the judgment becomes final at the expiration
of those thirty days). Rule 81.05(b) provides that, if a notice of appeal is filed prematurely, we deem the notice of
appeal filed at the time the judgment became final for purposes of appeal.

 7
JTB Props., LLC v. Zwillenberg, 626 S.W.3d 255, 262 (Mo. App. W.D. 2021) (quoting

Daniels v. Terranova, 611 S.W.3d 799, 806 (Mo. App. W.D. 2020)).

 The Appellants do not argue that material facts in dispute precluded the entry of

summary judgment in favor of the Government. Instead, the Appellants argue that despite

uncontroverted facts, the entry of summary judgment in favor of the Government was not

proper as a matter of law. "We will affirm the trial court's granting of summary judgment

if it is correct as a matter of law on any grounds." Id. at 261 (quoting Behrick v. Konert

Farms Homeowners' Ass'n, 601 S.W.3d 567, 573 (Mo. App. E.D. 2020)).

 Analysis

 The Appellants assert two points on appeal challenging the trial court's grant of

summary judgment in favor of the Government. The first point on appeal broadly argues

that the Judgment is contrary to the policy underlying the Sunshine Law because it allowed

the Government to withhold the Unredacted Excel Files from Appellants after the same

information had been provided to AFSCME. Appellants acknowledge in connection with

this point on appeal that although the information redacted in the Redacted Excel Files was

permissibly subject to closure pursuant to section 610.021(13), that information became

permanently open (and no longer subject to closure) when it was provided to AFSCME in

the Unredacted Excel Files. The Appellants' second point on appeal narrowly argues that

the Judgment misapplied the law because section 610.023.2 prohibited the Government

from granting AFSCME the exclusive right to access and disseminate the Unredacted

Excel Records. We address the points in reverse order.

 8
 "Missouri's Sunshine Law is meant to foster openness and transparency in

government." City of Byrnes Mill v. Limesand, 599 S.W.3d 466, 471 (Mo. App. E.D.

2020). "It is the public policy of this state that . . . records . . . of public governmental

bodies be open to the public unless otherwise provided by law," so that "all public records

of public governmental bodies shall be open to the public for inspection and copying"

unless otherwise provided by law. Section 610.011.1 & .2; see also section 610.023.2

("Each public governmental body shall make available for inspection and copying by the

public of that body's public records."). Public records are subject to permissive exemptions

set forth in section 610.021, though. Petruska v. City of Kinloch, 559 S.W.3d 386, 388

(Mo. App. E.D. 2018). Section 610.021(13) permits, but does not require, a public

governmental body to close records that relate to "[i]ndividually identifiable personnel

records, performance ratings or records pertaining to employees or applicants for

employment, except that this exemption shall not apply to the names, positions, salaries

and lengths of service of officers and employees of public agencies once they are employed

as such." See also Chasnoff v. Mokwa, 466 S.W.3d 571, (Mo. App. E.D. 2015)

(recognizing that the exemptions in section 610.021 give a public governmental body the

discretion to close certain public records).

 The Amended Petition acknowledged that section 610.021(13) authorized the

Government to close the individually identifiable personnel information redacted from the

Unredacted Excel Files, and that Office of Administration Policy B-36 requires

"[i]individually identifiable personnel records" to be closed unless disclosure is required

by law. The Amended Petition broadly asserted, however, without citation to any provision

 9
of the Sunshine Law, that once the Unredacted Excel Files were provided to AFSCME, the

Office of Administrative forever waived its ability to treat the "[i]ndividually identifiable

personnel records, performance ratings or records pertaining to [employment]" contained

within the Unredacted Excel Files as closed pursuant to section 610.021(13). The

Amended Petition also narrowly asserted that by providing the Unredacted Excel Files to

AFSCME but only the Redacted Excel Files to the Appellants, the Government granted

AFSCME the exclusive right to access and disseminate public records in violation of

section 610.023.2. The Judgment expressly rejected both assertions.

 The Judgment concluded that the terms of the Master Labor Contract that required

the Government to provide information to AFSCME that could have been closed pursuant

to section 610.021(13) do not violate section 610.023.2. This was not legally erroneous.

 In 1998, the General Assembly amended section 610.023.2 to include the following:

"No public governmental body shall, after [August 28, 1998], grant to any person or entity,

whether by contract, license or otherwise, the exclusive right to access and disseminate any

public record unless the granting of such right is necessary to facilitate coordination with,

or uniformity among, industry regulators having similar authority."7 Construction of this

newly added language is an issue of first impression.

 7
 The General Assembly added the prohibition against granting an exclusive right to access and disseminate
public records following our decision in Deaton v. Kidd, 932 S.W.2d 804 (Mo. App. W.D. 1996). In Deaton, we
held that the Director/Revisor of Statutes' practice of selling the Missouri Revised Statutes on computer tape to the
highest bidder who would later market the Missouri Revised Statutes to the public conflicted with the public's right
to access to public records for inspection and copying required by section 610.023 of the Sunshine Law. Id. at 807.
In effect, the General Assembly's 1998 amendment of section 610.023.2 codified the Deaton v. Kidd decision into
the Sunshine Law.

 10
 "The primary rule of statutory construction is to ascertain the intent of the legislature

from the language used, to give effect to that intent if possible, and to consider the words

used in their plain and ordinary meaning" unless a statutory definition is applicable.

Dickemann v. Costco Wholesale Corp., 550 S.W.3d 65, 68 (Mo. banc 2018) (quoting Wolff

Shoe Co. v. Dir. of Revenue, 762 S.W.2d 29, 31 (Mo. banc 1988)). If a term is not defined

by statute, we look to the dictionary for its plain and ordinary meaning. Hegger v. Valley

Farm Dairy Co., 596 S.W.3d 128, 131-32 (Mo. banc 2020). "If the language of a statute

is plain and unambiguous, [we are] bound to apply that language as written and may not

resort to canons of construction to arrive at a different result." State ex rel. Hillman v.

Beger, 566 S.W.3d 600, 605 (Mo. banc 2019).

 Section 610.023.2's prohibition against granting an exclusive right to access and

disseminate public records is plain and unambiguous. Section 610.023.2 prohibits: (1) a

public governmental body, statutorily defined in section 610.010(4) as "any legislative,

administrative or governmental entity created by the Constitution or statutes of this state,

by order or ordinance of any political subdivision or district, judicial entities when

operating an administrative capacity, or by executive order"; (2) from granting, defined in

Black's Law Dictionary as "giv[ing] or confer[ring] (something), with or without

compensation"; (3) any person or entity; (4) whether by contract, license, or otherwise; (5)

the exclusive, defined in Black's Law Dictionary as "[l]imited to a particular person, group,

entity, or thing"; (6) right to access and disseminate8; (7) any public record, statutorily

 8
 The Appellants suggest that the use of "and" in section 610.023.2 could have been used by the General
Assembly in the disjunctive sense, but then assert that "[b]ecause the facts of this case show that AFSCME is the
only private entity that is able to access and disseminate the Unredacted Excel [Files]," we need not resolve the issue

 11
defined in section 610.010(6) as "any record, whether written or electronically stored,

retained by or of any public governmental body."

 There is no dispute that the Office of Administration is a public governmental body,9

that AFSCME is an entity, that the Unredacted Excel Files are public records, and that the

Unredacted Excel Files were provided to AFSCME pursuant to the terms of a contract.

The only dispute is whether the Government granted AFSCME an exclusive right to access

and disseminate the Unredacted Excel Files.

 The Master Labor Contract provides that AFSCME is the "sole and exclusive

bargaining representative" for those employees described in an appendix to the Master

Labor Contract, whether those employees choose to pay union dues or not. Article 2,

section 4 of the Master Labor Contract provides, in relevant part: "Once each quarter, and

in electronic format, the Office of Administration will provide the union with a current list

of active bargaining unit employees." The Master Labor Contract required such lists to

include sixty-nine information fields detailing each employee's name, employment status,

salary information, work address, home address, and mailing address, among other

information. While AFSCME is the exclusive bargaining representative for the employees

described in the Master Labor Contract, there is no provision in the Master Labor Contract

that gives AFSCME the exclusive right to access or disseminate the information required

in this appeal. Because, as discussed infra, the Office of Administration neither granted AFSCME an exclusive
right to access nor granted AFSCME an exclusive right to disseminate the Unredacted Excel Files, we need not
reach whether the General Assembly intended to use "and" in the conjunctive sense or the disjunctive sense.
 9
 The Office of Administration was created by statute. See section 37.005 ("[T]he office of administration
shall be continued as set forth in house bill 384, seventy-sixth general assembly and shall be considered as a
department within the meaning used in Omnibus State Reorganization Act of 1974.").

 12
to be included in the quarterly list of active bargaining unit employees provided by the

Government. The trial court correctly concluded that the Government's entry into and

performance of the Master Labor Contract does not violate the plain language of section

610.023.2.

 Point Two is denied.

 To overcome rejection of the narrow argument that the Government violated section

610.023.2, the Appellants broadly argue, without citation to any authority, that based on

the public policy underlying the Sunshine Law, once the Government elected to "open"

public records that could have been closed pursuant to section 610.021(13), the

Government forever waived the right to close those public records.

 While the Sunshine Law explicitly states that the public policy of the state is for

records to be open for public inspection, the Sunshine Law authorizes public governmental

bodies to choose to close some records to the public, including those individually

identifiable personnel records contained within the Unredacted Excel Files. See section

610.011; section 610.021(13). The General Assembly authorized public governmental

bodies to choose to close individually identifiable personnel records, performance ratings,

and records--excepting those employees' names, positions, salaries, and length of service-

-presumably in order to afford employees of public governmental bodies a modicum of

privacy. Cf. State ex rel. Delmar Gardens N. Operating, LLC v. Gaertner, 239 S.W.3d

608, 611 (Mo. banc 2007) (acknowledging that "Missouri recognizes a right of privacy in

personnel records that should not be lightly disregarded or dismissed" when discussing the

discoverability of personnel records of an employee who witnessed conduct underlying the

 13
employer's petition for a permanent injunction). "It is the role of the legislature, and not

the courts, to strike the delicate balance between [open records and employee privacy],"

and "[t]he legislature conveys this balance and their intent . . . through the express words

and implied meaning of the statute." Scroggins v. Mo. Dep't of Soc. Servs., 227 S.W.3d

498, 503 (Mo. App. W.D. 2007) (quoting State ex rel. Goodman v. St. Louis Bd. of Police

Comm'rs, 181 S.W.3d 156, 159 (Mo. App. E.D. 2005)).

 The Sunshine Law includes no provision permitting the conclusion that sensitive

personnel information, if not closed for one purpose, becomes open for all purposes. In a

somewhat analogous situation, we have concluded that a public entity's right to close

personnel records pursuant to section 610.021(13) does not extend to affect the power of a

subpoena issued by a grand jury. State ex rel. Jackson Cnty. Grand Jury v. Shinn, 835

S.W.2d 347, 348 (Mo. App. W.D. 1992). Though State ex rel. Jackson County Grand Jury

did not address whether a grand jury's right to access personnel records renders those

records forever open for all purposes under the Sunshine Law, the decision nonetheless

recognized that personnel records can be closed for some purposes while open for others.

 The trial court concluded that the plain language of the Sunshine Law does not

permit the broad conclusion that the statutory authority afforded a public entity to choose

to close a public record is forever waived if the public entity has not treated the public

record as closed in some other context or under some other circumstance. This was not

legal error, particularly in light of the fact that the Government produced the Unredacted

 14
Excel Files to AFSCME in order to comply with the Master Labor Contract to which the

Office of Administration was a party pursuant to Missouri's public sector labor law.10

 Point One is denied.

 Conclusion

 The Judgment is affirmed.

 __________________________________
 Cynthia L. Martin, Judge

All concur

 10
 Section 105.500 et seq.

 15